Filed 11/13/15  P. v. Berg CA3
Reposted to provide correct filing date

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | C078424 |
| Plaintiff and Respondent, | (Super. Ct. No. SC SC CR F 98-0087) |
| v. | |
| ERIC ANTHONY BERG, | |
| Defendant and Appellant. | |

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appointed counsel for defendant Eric Anthony Berg has asked us to review the record for arguable issues in this appeal from the denial of his motion to modify his three strikes sentence pursuant to Penal Code section 1170.126.[1] Defendant filed a supplemental brief asserting the trial court's denial of his motion was incorrect for three reasons, which we explain *post*.

---

[1] Further undesignated statutory references are to the Penal Code.

1

Although we do not necessarily agree that defendant is entitled to *Wende* review, as we explain, we nonetheless independently review the record for error and also consider defendant's briefing, explaining why the contentions he raises in his supplemental brief are devoid of merit. We affirm.

## BACKGROUND

Defendant was found guilty by jury of manufacturing methamphetamine while personally armed with a firearm (Health & Saf. Code, § 11379.6, subd. (a); § 12022, subd. (c)), possessing precursors with the intent to manufacture methamphetamine (Health & Saf. Code, § 11383, subd. (c) while a principal was armed with a firearm), and possession of a firearm by a convicted felon (former § 12021, subd. (a)(1)). The trial court sustained six strike allegations (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and five prior prison term allegations (§ 667.5, subd. (b)), and sentenced defendant to consecutive 25-year-to-life terms on the manufacturing methamphetamine and felon in possession counts, a concurrent 25-year-to-life term on the remaining count, and a determinate 10-year term for the enhancements.

On July 7, 2014, defendant filed a pro per motion for recall of sentence pursuant to section 1170.126. The public defender had been initially appointed to represent defendant, but had "made an initial threshold determination that [the office was] essentially precluded from filing a petition based on the nature of the conviction" adding "[t]here was a personal use allegation that was found true by a jury."

The trial court denied the motion, citing the "nature of the charges" of conviction, without elaboration.

## DISCUSSION

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to Proposition 47 remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address

appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Serrano* (2012) 211 Cal.App.4th 496; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.)

Nonetheless, here counsel has already undertaken to comply with *Wende* requirements and defendant has been afforded the opportunity to file a supplemental brief and has filed one. Thus here we shall adhere to *Wende*. The additional effort required of this court to complete the review prescribed by *Wende* is relatively minor in comparison to the expense that would be incurred if we dismissed the appeal and the Supreme Court subsequently determined that *Wende* review was compelled as a matter of law. Despite our skepticism, we shall review the case pursuant to the procedures enunciated in *Wende*.

First, we have reviewed the record and see no arguable error that would result in a determination more favorable to defendant. Turning to defendant's supplemental brief: he first asserts that "[t]here was no personal arming wording that made this being [*sic*] personally armed a serious or violent crime. It was only an enhancement." He next claims that Proposition 36 retroactively turned this enhancement into a serious or violent felony, "moving the goal post, without allowing [him] the chance to defend himself." Finally, he claims he was entitled to an evidentiary hearing.

Section 1170.126 allows a defendant currently serving three strikes sentences for crimes no longer subject to the third strike penalty to petition for resentencing. (§ 1170.126, subd. (a).) One of the *disqualifying factors* from such resentencing, as cross-referenced in section 1170.126, subdivision (e)(2), is that a defendant was armed with a firearm during the commission of the current offense. (§ 667, subd. (e)(2)(C)(iii).) There is no pleading and proof requirement for this exception. (*People v. Osuna* (2014)

3

225 Cal.App.4th 1020, 1033; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1058; *People v. White* (2014) 223 Cal.App.4th 512, 526-527.)

As we have explained *ante*, a jury found defendant was *personally armed with a firearm* while manufacturing methamphetamine. Thus defendant is disqualified at the threshold from resentencing as to this offense. He is not entitled to a hearing on the issue of eligibility for resentencing. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1340-1341.)

## DISPOSITION

The order denying defendant's motion to modify is affirmed.

/s/
Duarte, J.

We concur:

/s/
Raye, P. J.

/s/
Blease, J.

4